MARCY, APPELLEE, *v.* McCOMMONS, APPELLANT.

(No. 1369—Decided October 21, 1988.)

*W. Thomas Powell,* for appellee.
*Charles M. Diamond Co., L.P.A.,* and *Duane J. Dubsky,* for appellant.

COOK, J. On January 23, 1985, Nancy Ann Marcy, appellee, filed a parentage action in the Court of Common Pleas of Ashtabula County, Juvenile Division, against James Alfred McCommons, appellant, alleging that he was the father of her son, John Winston Jones, who was born on September 20, 1971. She also sought an order for the support of John pursuant to R.C. 3111.13(E). On August 11, 1986, appellant filed an answer de-

nying he was John's father and setting forth several affirmative defenses, one of which was that appellee's claim was barred by the statute of limitations.

After a hearing before a referee, a report was filed in which the referee determined that appellee's claim was not barred by the statute of limitations. He further determined that appellant is John's father based upon genetic test results indicating a 99.72 percent probability of paternity. The referee recommended that the cause be set for further hearing on the issue of the child support to be paid by appellant.

Appellant filed written objections to the referee's report. On December 24, 1987, the juvenile court overruled appellant's objections and adopted the referee's report. The court found appellant to be John's father but decided he would make no order of support at that time.

Appellant has appealed the judgment of the trial court and has filed the following assignment of error:

"The trial court erred in determining that plaintiff-appellee's claim was not barred by the limitation of action section set forth in § 2305.09 of the Ohio Revised Code and in failing to grant defendant's motion for judgment in his favor at the close of plaintiff's case and at the close of all the evidence."

The assigned error is without merit.

Appellant contends that appellee's claim is barred by the statute of limitations set forth in R.C. 2305.09. Therefore, he argues, the court should have granted his motions for judgment in his favor at the close of appellee's case and at the close of all the evidence.

R.C. 2305.09 provides:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"* * *

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code."

On June 29, 1982, Ohio's Uniform Parentage Act became effective. R.C. 3111.05 provides:

"An action to determine the existence or nonexistence of the father and child relationship may not be brought later than five years after the child reaches the age of eighteen. Neither section 3111.04 of the Revised Code nor this section extends the time within which a right of inheritance or a right to a succession may be asserted beyond the time provided by Chapter 2105., 2107., 2113., 2117., or 2123. of the Revised Code."

Section 3 of Am. Sub. H.B. No. 245 (139 Ohio Laws, Part I, 2170, 2192), the bill which enacted the Uniform Parentage Act into law in 1982, provides:

"SECTION 3. An action may be commenced pursuant to sections 3111.01 to 3111.19 of the Revised Code, as enacted by Section 1 of this act, to establish the father and child relationship, or the mother and child relationship, *irrespective of whether a child is born prior to,* or on or after, *the effective date of this act.*" (Emphasis added.)

Appellant maintains that, prior to the enactment of R.C. 3111.05, the statute of limitations for commencing a parentage action was four years under R.C. 2305.09(D). Therefore, he argues, since John was born on September 20, 1971 and appellee brought her parentage action on January 23, 1985, more than four years later, her action was barred by the statute of limitations set forth in R.C. 2305.09(D).

In *Wright* v. *Oliver* (1988), 35 Ohio St. 3d 10, 517 N.E. 2d 883, the Ohio Supreme Court addressed the question

of whether the defense of laches was applicable in parentage actions filed prior to the expiration of the statute of limitations. The case involved the birth of a child, Andrea, on June 1, 1978, and the filing of a parentage action on July 1, 1985, more than four years after Andrea's birth.

In the process of determining the laches issue, the court, at 11, 517 N.E. 2d at 884-885, stated:

"The issue presented in this cause is whether the equitable doctrine of laches is available to prevent the prosecution of a parentage action *brought within the statute of limitations.* * * *

"The statute of limitations for commencing a parentage action is five years after the child reaches the age of eighteen. R.C. 3111.05. *This suit was brought when Andrea was seven years old.* Thus, *it is undisputed that it was filed well within the statute of limitations.* * * *" (Emphasis added; footnote omitted.)

Obviously, the court in *Wright* v. *Oliver, supra,* believed that the statute of limitations for parentage actions is five years after the child reaches eighteen years, even though the child was born more than four years before the effective date of R.C. 3111.05. Thus, the four-year statute of limitations provided for in R.C. 2305.09(D) is not applicable in the instant cause. John Winston Jones was born on September 20, 1971, and appellee's parentage action was filed on January 23, 1985, well within the statute of limitations for parentage actions set by R.C. 3111.05.

The court below correctly held that appellee's claim was not barred by the four-year statute of limitations set forth in R.C. 2305.09(D).

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.